The clerk will please call the first case 17-0731 Darlene Crawford v. Belhaven Realty And would the attorneys please step forward and introduce yourselves Steven Rucuzis on behalf of the plaintiff and appellant Darlene Crawford Kathryn Weiler on behalf of defendant appellee Belhaven Realty I would like to reserve approximately five minutes at the conclusion of today's argument in order to rebut my opponent's arguments Of course I'll answer any questions that you may have during the course of my argument And I'll also try to leave some time towards the end of this initial portion of my argument I'll also try to avoid repeating arguments that were made in my briefs I think many of the issues that were raised, in my opinion at least, are fairly straightforward I'll try to focus on issues that I believe require a little bit more attention However, I would like to talk a little bit about the background of this case before I get into the individual issues The case revolves around a nursing home, the Belhaven Nursing Home That was originally owned and operated by Guadalupe Economic Services Corporation Guadalupe's purchase and operation of the Belhaven Nursing Home was financed through a loan And through bonds and whatever else And basically what ended up happening was Guadalupe failed to meet its financial obligations And the property and its assets went into foreclosure The U.S. Bank was appointed as trustee for the assets of Guadalupe Economic Services and the Belhaven Nursing Home At the time it was appointed trustee, the U.S. Bank took possession of all the assets of Guadalupe Yes, correct During that transaction, the U.S. Bank sold those assets as well as the liabilities of the Belhaven Nursing Home Whether they occurred before or after the closing date to the Defendant Equity Belhaven Royalty LLC Contemporaneous with the sale of the assets and liabilities of the Belhaven Nursing Home As well as subsequent to the sale, there were a number of personal injury actions that were filed In relation to incidents that occurred at the Belhaven Nursing Home I believe there were at least four separate cases that were cited within the briefs Of particular interest is the current case, a case filed by Darlene Crawford on behalf of the estate of Juanita Duke This particular case stood out from the other matters that were filed In that the original defendant in that matter was only Belhaven Royalty LLC The complaint alleged a claim of negligence and claims according to the Nursing Home Act and Lawful Death Care Act That occurred before the closing date Belhaven Royalty LLC took the position in this particular case that it was not responsible for the pre-closing liabilities Did Belhaven disclose the terms of its purchase agreement to the plaintiff in this case? During the course of discovery, a copy of the sale agreement was produced And then the amendment that included the sale of liabilities was also produced However, an executed copy was not produced When you say it was produced, in the original litigation? Yes, a copy of that document was produced but it was not executed An executed copy was produced by subpoena to U.S. Bank after Belhaven Royalty LLC was voluntarily dismissed from the case So you knew during the original litigation, the next one, Belhaven was dismissed, correct? When Belhaven was dismissed, an executed copy of that liability agreement was not in the possession of the plaintiff An executed copy was not in possession But an un-executed copy, you knew that piece of paper with that information was in your possession? Yes, that document was in the possession of the plaintiff at the time And is there any record to show that they told you whether or not it was executed? The discovery before you dismissed Belhaven, any information that indicated it was or was not executed? The amendment? That I do not know. I did not actually handle the underlying litigation. It was another firm I do know that an executed copy of that liability agreement was produced by subpoena to U.S. Bank After Belhaven Royalty had been dismissed I think it's also important to note that there was a shift in, I suppose, the strategy of Belhaven Royalty's defense of these pre-closing cases Prior to the Crawford case, Belhaven Royalty had taken the position, and it had stated so in answers to various complaints That yes, it was responsible for the pre-closing liabilities of the Belhaven Nursing Home And it defended these actions on their merits as though it was the owner and operator of the nursing home before the closing date For whatever reason, when we get to the Crawford case, they took a different position Because of the position that was taken, because the defense was that they were not the owner and operator of the nursing home At the time the Crawford incident occurred, and they felt that they were therefore not obligated on the hook essentially And that's the position they originally took in the personal injury case That they were not the operator and so should be dismissed from the case In Crawford, yes, but in other litigation it was also pending they took the opposite position And the key difference between the cases was Guadalupe was not a named defendant at this point Because of the position the plaintiff took, excuse me, because of the position that Belhaven Royalty took Guadalupe was added to the case as a defendant pursuant to an amended complaint Guadalupe was served, they never appeared, an order of default was entered against Guadalupe After the order of default was entered, Belhaven was dismissed, subsequently the order of default was proven up And default judgment of $1.5 million was entered against Guadalupe Economic Services Corporation Now, the briefs within the appeal raised four different issues that I think are important to discuss Three are fairly straightforward, one isn't The first issue is over the lack of standing that the defendant appellee asserts The defendant appellee asserts that Darlene Crawford lacked standing to file a declaratory judgment action That Darlene Crawford was not an intended third-party beneficiary under this purchase agreement Their argument rests on the fact that Darlene Crawford is not specifically named in this purchase agreement And even the case law that's cited by defendant, by defendant appellee is clear that Her class of potential beneficiaries, of third-party beneficiaries has to appear The purchase agreement is clear that Belhaven Realty LLC purchased all debts, claims, liabilities, and obligations of the Belhaven Nursing Home Whether they occurred before or after the closing date When you talk about a debt, a claim, or an obligation or liability, you have a creditor You cannot have a debt without a creditor You cannot have a claim without a claimant Darlene Crawford fits that definition And therefore is an intended third-party beneficiary under the contract and therefore had standing to sue The other issue, and while I realize that the motion for summary judgment is heard on a no-vote basis This is still, I think, an important issue overall and has to do with the request to admit Whether this comes into your ruling or not The trial court held that default admissions that were entered against Guadalupe during our case Could be bound against Darlene Crawford And their argument rests in the fact that as it There has been a case law that has so held that a request to admit can be used against someone who Other than the party to whom it's directed Correct Not one case Not that I saw There were certainly no cases cited and I assume if there were, you would have seen that in the briefs It seemed the seminal case on the issue was the Banco Popular case which was cited by both parties And I think it's important to note that I think that decision was very clear When a request to admit is issued, that's between the requesting party and the party who receives it The party who's supposed to respond to it Especially in the context of a default admission Fairness seems to have something to do with it Otherwise, this could be used as a trick in many cases Where you have someone who may or may not be interested in responding Exactly, I'll move on The other two points that I'd like to raise have to do with the actual ruling on the motion for summary judgment And the trial court entered summary judgment on two affirmative defenses The first was on the mitigation or reduction of the vulnerable consequences affirmative defense And the second on the issue of the lack of a written request of indemnification Again, with the mitigation defense, I think that's also straightforward While a party who suffers damages on a contractual basis has a duty to mitigate their damages It's not just about what that party could have done in a vacuum It's what that party had the ability or capacity to actually do And so we're talking about the financial condition of that party who has a duty to mitigate And this is a question of fact We offer in that motion for summary judgment an affidavit from Diana Lopez of Guadalupe Economic Services Where Diana Lopez says straightforwardly that at the time that the complaint was filed They were dealing with massive financial issues Regardless of that question, if Guadalupe was relying on Belhaven to defend it Pursuant to the assumption of liabilities, what difference does their financial condition make? That's true, Your Honor But I'm simply directing my arguments against the ruling that was made by the trial court I mean, in the case of an actual assumption of liability, which was our position from the outset This wasn't true indemnification This wasn't an insured-insured relationship This wasn't letting the tenant where a third party is agreeing Hey, you know, if you get in trouble, I'm going to take care of this provided that you give me notice This was a liability sale Belhaven asked for this Belhaven wanted to buy the liabilities of Belhaven Nursing Home from Guadalupe for whatever reason it was I assume it was for tax purposes Whatever the reason was, it was to make more money They assumed those obligations And Guadalupe assigned any tax refunds it was entitled to to Belhaven, right? They were entitled to those as well They could also show that on their books as far as actual debt on their books to reduce their tax exposure It's my understanding I'm an attorney, I'm not an accountant or a financial planner But that is my understanding When it comes to the other issue over this claim that a written tender was required I don't necessarily... This actually leads to my next argument, I suppose The court found that the affirmative defense that Guadalupe failed to provide a written identification request to Belhaven Realty LLC and therefore no defense was required And I think that's just a generalization I didn't see any case law cited that indicated a written tender request was necessary in this case Nor do I think one was necessary based on the terms of the purchase sale agreement, one And two, based on the party's course of conduct As we just discussed, Justice Mason, the agreement itself is pretty straightforward Belhaven's buying all the liabilities regardless of when they occurred from the Belhaven Nursing Only a few exceptions And Darlene Crawford doesn't fall within those exceptions It's a closed case, it's in black and white There's nothing to indicate that, such as you might find in insurance policy, for example That Guadalupe would have to provide notice of their intent to be defended within a certain amount of time Or within a time frame or within a certain method The party's course of conduct reveals that to be true as well And Belhaven had actual knowledge of Guadalupe's status as a defendant Because it was a party at the same time, right? And frankly created the situation, created the litigation that brings us here today Belhaven had notice, and they had an obligation that was clear based on the contract There was nothing in the contract, the purchase agreement, that indicated Why would they have to do something in order to trigger this obligation on behalf of Belhaven Realty In an insurance situation where usually you have to give some kind of notice It's usually in the agreement, isn't it? Correct. For example, if you have a property loss If you want to obtain, if you want to be identified by a carrier Typically they're going to request not just a proof of loss But that you produce that proof of loss within a certain amount of time It's just pursuing the contract And there's nothing here, as you just said, that indicates that there has to be any kind of notice And even within the insurance context, though Because, I mean, that is something that's strictly regulated The insurance industry has really hammered out what is required in order to obtain identification In some instances, when they're given notice of a loss Whether it's in writing or a simple phone call They still step up to the plate because they understand what their obligations are And in this case, Belhaven Realty simply ignored their obligations And they created the monster that we now have before us There's been a lot of talk, I mean, through the pleadings and throughout the case As far as what Guadalupe did and did not do But at the end of the day, I mean, I just want to be frank You have the Hammonds case, which was cited Well, it was a plea that was cited within our case It was an answer that another attorney representing Belhaven Realty, LLC Had filed on behalf of Belhaven Realty Where they admitted that Belhaven Realty had assumed the liabilities of the Belhaven Nursing Home While it was under the operation of Guadalupe Economic Services Corporation And from that point on, Belhaven Realty was defending those cases As though they were in Guadalupe's shoes Why this sudden change? If they just followed that course of conduct If they felt the merits of the Crawford case were poor That it was easily defensible All they had to do was to defend the case Guadalupe never would have been named as another defendant There would never have been the issue about the voluntary dismissal And the fault that they took Guadalupe And my case wouldn't be here and it wouldn't have been the last five years of my life Getting to this point But that's not what happened I think that's important to keep in mind There's another question Not one of the four that you listed And that's a statute of limitations On an oral contract, five years Written contract, ten years And your position is what? Well, I didn't address that I will answer that question I didn't address that question originally Because I don't know how much that has to do with my client's particular claim But, you know Why is that? Why don't you call it an oral contract? Well, because I believe that it was clear at that point That the five-year Our case was filed within the five-year period So I think on that basis I didn't feel there was I didn't feel the statute of limitations applied to our case for declaratory judgment The statute of limitations What I felt was I felt that argument was made for purposes of A potential claim down the road filed by Guadalupe Where Guadalupe perhaps asserted some claim against Belhaven That Belhaven breached their purchase agreement If Belhaven filed their claim They would have run the statute of limitations by now Pretty close, whether it's five or ten years But at the time that defense was originally asserted If there was a five-year statute of limitations Guadalupe would not have had the ability to file suit against Belhaven And they would have been stuck, I believe, with the court's determination That a five-year statute applied based on collateral establishment And you determine What is the five-year period? When does it begin for the five years? From the time of the breach Which is when they refused to pay the judgment I would argue that that's a point when The breach would begin at the point that they refused to pay the judgment Which would have been in 2010 At the moment, that's all that I have Are there any other questions? That's all Thank you for your time Thank you Good morning, your honors May it please the court Catherine Weiler on behalf of defendant Appleby Belhaven, Realty Your honors, it's important to remember the exact context In which this case comes before the court today This is not part of the personal injury action  This is not part of the personal injury action This is not a question of the scope of discovery and the underlying litigation Which I'm also happy to address to the court as best I am able This is a separate action This is a declaratory judgment action Being brought by Darlene Crawford Standing in Guadalupe's shoes Where did you get that? What do you mean standing in Guadalupe's shoes? I don't understand As a third-party beneficiary What kind of third-party beneficiary? Ms. Crawford claims to be an indirect third-party beneficiary Well, an intended beneficiary An intended beneficiary, that's correct And the preliminary question to this court is whether that's accurate Justice Hyman, I realize you are well familiar with this issue The Carlson case is cited in the briefs which you authored The question then becomes In the context of this declaratory judgment action Which Darlene Crawford brings allegedly as a beneficiary under the contract A party to that contract Between Guadalupe and Belhaven Realty In that position, Ms. Crawford is subject to every defense That Belhaven Realty could bring against Guadalupe In a breach of contract action How is Guadalupe a party to the purchase agreement Between Belhaven and U.S. Bank? That's where you're losing me I understand she says As a member of the class that Belhaven promised to pay I'm an intended beneficiary I don't see where Guadalupe comes into it And she steps into their shoes for any purpose Then to the extent, Your Honor First of all, because the transaction was a purchase of assets Which were in part owned by the bank Assets which were in part owned by Guadalupe It was Guadalupe's nursing home The bank had been appointed a receiver They took possession of the nursing home That's correct, Judge But at the time, as I understand the negotiations They involved all three parties It was not exclusive to U.S. Bank Certainly, obviously, as you say, U.S. Bank was a receiver But Guadalupe, there were For example, accounts receivables involved There was equipment at Guadalupe involved All of those materials were specifically identified In the transfer documents Subject to the foreclosure The finalization of the foreclosure action Right, and Belhaven negotiated for the right To continue the foreclosure If Guadalupe didn't consent to the entry of a judgment of foreclosure And as I understand it, Guadalupe did consent ultimately To the entry of that That's correct But the transaction, as we understand it The transaction was So Guadalupe did what it was supposed to do It consented to the entry of the judgment of foreclosure The bank as receiver Took possession of all its books and records and property And sold them to Belhaven I still don't get where Ms. Crawford steps into Guadalupe's shoes I don't Ms. Crawford is stepping into the shoes of the parties to the contract To the extent that the court finds That the proper parties to that contract Would not involve Guadalupe It would involve U.S. Bank That would necessarily change the individual to whom Against him, excuse me, a personal injury claim U.S. Bank has nothing to do with this contract That's correct Okay, so That's correct I'm not even talking about U.S. Bank So what we have here is An intended beneficiary So of course they're outside the contract Right? Ms. Crawford Ms. Crawford That's correct Give me a case that says That in that situation They step into the shoes How do you get there? The only way a third party beneficiary Has the ability to bring a claim under a contract That she is not a party to She has to stand in the position of the contracting party She is the, if the court agrees The intended beneficiary of that contract Then she is subject So if there is in fact a breach of contract The breach of contract can only exist If one of the parties fails to satisfy its obligations To the other party to the contract That's the fundamental problem here The question here becomes Did one of the parties One of the contracting parties Breach the contract at issue That's what the declaration The declaratory judgment action Seeks a determination of Is there an obligation under the contract If there is That value of the real team Owes that obligation to Ms. Crawford But it only arises through The obligation to Guadalupe So you claim Let's take that to its next step And you claim Guadalupe Didn't do what it was supposed to do It didn't defend itself In the underlying personal injury And it didn't make a written tender Where is that in the agreement? It's their pattern in practice Judge And that can be seen In the other cases Counsel was talking of Several other cases That involved Cases brought by former residents Of the nursing home Against either Guadalupe Or against Belhaven The most fundamental In that sense In which that pattern in practice Was established Is that case It goes by different names In the record Howard v. Renaissance It's also known as Whitlock v. Belhaven It's 2009 L. 9200 In case there's any confusion About which case we're talking about In that particular case Counsel Underlying defense counsel Was hired by the third party administrator Amlin and Burton They were hired to represent Belhaven Not to represent Guadalupe At the time the case was initiated There was not a claim against Guadalupe Then there was discussion After Guadalupe was added to the case Between underlying defense counsel And counsel for Guadalupe Guadalupe has its own attorney She made a written tender A formal tender in writing September 17, 2010 I understand in insurance cases Written tender can be determinative But there is nothing in this agreement That requires Guadalupe to do anything Because without any information About the case And I understand Because Belhaven was a party To this case Belhaven knew about the case Knew that Guadalupe was a defendant And that the claim arose pre-closing That it was among the liabilities That agreed to assume How does a written tender add to that? Initially there was a question About whether or not the Addendum to the purchase and sale agreement That's the June 30th letter Which adds the term About assuming liabilities The original purchase and sale agreement Documents did not include An assumption of those liabilities That happened later There was a question about Whether that involved Personal injury actions Claims for personal injury action As opposed to As that paragraph discusses It seems to be discussing Accounts receivables And the insurance deductible Related to two claims Which had already been filed At the time of the closing They were related to Two former residents of the nursing home There was a question Among the underlying attorneys About whether that assumption Was so broad as to include All liabilities Which would include this particular case That was disputed And that was discussed By underlying defense counsel And counsel for Guadalupe Without any sort of discussion Of the scope of that assumption And whether or not Guadalupe Expected Belhaven To assume those liabilities And to step into Guadalupe's position In the underlying litigation I think Ms. Weiler You're beyond the record in this case When you're talking about Conversations among lawyers And other cases And what Guadalupe understood None of that is in the record In this case And I believe there is Some discussion of that Although I apologize to the Court I'm not trying to leave the Court The other cases are mentioned And the outcome of the cases That is the liability Against Belhaven and Guadalupe Was resolved in those cases That's discussed But these other conversations You're talking about Are not before us Some of that I believe Judge is discussing Mr. Burrell's deposition That's one of the depositions That was attached I apologize to the Court To the extent that Any additional information Is outside of that But I think that deposition Does address some of those questions But we know that I'm sorry The agreement that you're talking about Is in the record And it says Belhaven would assume Any and all debts, obligations, claims And other liabilities Whether known or unknown Relating to the operations Of Belhaven Nursing Homes Prior to and after the closing date And ultimately That reading Was accepted by Belhaven That's why Belhaven For example You see in the Howard case Belhaven I don't understand How you think That that doesn't include everything As I understand it, Judge And I don't want to go Outside of the record This is in the record Why doesn't this include everything then? That's not in That is not in dispute Before this Court My The only reason I was Offering that explanation To Justice Mason Is because As I understand it That was the understanding Of the parties But I appreciate And agree That that is the correct Interpretation Of the provision Of the court's reading That's correct And it was signed Before the Foreclosure That's correct, Judge That's correct, Judge So That was the In Whether they knew it Or not to a later date That's a different issue But As far as this March 29th agreement Is concerned That goes Along Following What happened And there's Again I think what we're saying Is We're trying to see There's nothing in here That talks about Giving Some kind of Notice Particularly in this situation Where they all Even knew About the litigation And that's Again That's The communications That are on record Indicate that was the Party's practice That there was an Expectation That without Any notice Yes, but that is not In the record What's in the record Is what we have In front of us And what we have In front of us Says They took everything And Guadalupe Didn't have to do Anything about it The That's what's in This record I'm sorry Justice Patinsky What I'm referring to Is the Practice Related to Guadalupe Having given written Notice In the Howard case In other cases In other cases That's correct Those other cases Are in front of us And the reason I point to that Your Honor Is because that was Their pattern and practice So is your position That if Guadalupe Had just written a letter To Belhaven We wouldn't be here There are two Two points to that Your Honor One is  Had just written a letter To Belhaven Yes that's one of them The other is Much more fundamental To this court's analysis Of this In a declaratory Judgment action If Guadalupe Had just written a letter Then yes There could have been An assumption Of Guadalupe's defense Also the plaintiff Could have proceeded In her claims Against Belhaven In the personal injury action That's the more But Belhaven Filed a motion To dismiss No Belhaven did not I'm sorry Your Honor I don't mean to interrupt Belhaven filed a motion To dismiss That said we didn't own The nursing home At the time And Belhaven was Voluntarily dismissed But wait Belhaven filed a motion To dismiss Asking the court To dismiss it From the case Because it did not Own the nursing home That's correct At the time The decedent was there  The plaintiff Looked at that And said I might as well Voluntarily dismiss him Or waited for a ruling On the motion Isn't that beside The point It's not It's not Your Honor Justice Simon You were asking About whether the Purchase and sale documents Were tendered As I understand it From the record I believe I believe that they were And I believe Counsel talked about that The purchase and sale documents Were tendered To opposing counsel In the course Of the underlying Personal injury action What he said was That the amendment Was not signed That's correct But the actual The Signed copy Was not tendered But unsigned copies were And the reason I point to that Your Honor Is because Parties make Arguments for dismissal That they lose That happens And that is not Determinative Of whether or not A party can then Bring a separate Declaratory judgment action There wasn't a ruling On the motion To dismiss Had Belhaven Lost the motion To dismiss The case would have Moved forward As a personal injury action In which Belhaven Had an opportunity And an obligation To present A defense Going about This case This way In which the plaintiff Moves forward Gets a default Judgment against One party Voluntarily Dismisses the other The other party Which was actively Litigating that case Denying that party The opportunity To defend The merits Of the underlying Personal injury action And instead Goes forward With a declaratory Judgment claim That circumvents The process Of having to Prove the plaintiff's Case I don't see How Voluntarily Dismissing Belhaven Precluded Belhaven From defending A case That it had Assumed a liability For How did How did Plaintiffs You know It's not like You couldn't come back in And say You know what Your honor We're on the hook For this We want to Defend this case If Belhaven Had understood That Guadalupe Had no intention To move forward With any sort of Any sort of Defense In that case Communicating With Belhaven As it had In other litigation If Belhaven Had the opportunity To continue To present Its own defense In that case It could have done that But without That communication It was unclear That Belhaven Even had the ability To present A defense Why doesn't The call From the Guadalupe Official in Texas To the administrator Of Belhaven Saying We've been sued And the administrator Says Don't worry about it It's our problem Why doesn't that Create an issue of fact To the extent That that creates An issue of fact It only concerns Whether or not There was a discussion Of And I want to Find the exact word If the court Will bear with me Diana Lopez States She mentioned This lawsuit She mentioned It It's unclear What that word Means Did she say We were sued We expect you To take over This litigation It doesn't matter Because you knew About the litigation Obviously So I mean I'm still stuck As with Other liabilities Whether known Or unknown Before or after The closing date I mean How much clearer Could this amendment Be And it seems You want to Hand your cake And eat it too You know You want to say Well We filed a motion To dismiss We're out Oh And by the way Guadalupe Didn't give us Appropriate notice Wherever you come up With that I mean You still haven't Told us where You come up With that I don't know It's not an insurance Case It's a contract Where is that In the contract That was the Party's practice The practice Nobody found It to be a practice The court Didn't have evidence On it to be a practice There was nothing In the record To practice And it doesn't And if that's the practice The practice was For you to defend These types of cases So you can't have it Both ways there too Whether they tell you About it or not The practice was For you to defend And just To be sure That the record Is clear your honor There is There is evidence Of record About that practice Meaning About the Written tender That was made In the Howard case And also In Mr. Boyle's Deposition about The process By which Belhadin's Third party Administrator Hired counsel To move forward With that representation It's also not clear Whether Guadalupe Ever made any Sort of a tender To its insurance Company which could Have triggered That process But you're saying And I I think I find it hard  That in one case Is a practice A Howard case That's all You've said Is a Howard case That a practice Has to be multiple things Even twice May not be a practice Because you can do One thing here And one thing there Which is what happened Here So in the record I don't see Where's the practice Practice means Over and over and over For a long period of time We don't have that And the reason There isn't an extensive Practice your honor Is because there simply Were not that many cases Well there are three At least we know of In this period of time I'm sorry Justice Hyman If we're talking about Three that you know of There are There is the Hammond's case The circumstances Of which are unclear From the record There's nothing in the record That speaks to whether or not There was a written Tenure made in the Hammond's case That's the one That was being discussed Excuse me Being discussed earlier There is evidence Related to the Howard case And there's the Crawford case Those are the three cases Okay so To say there was a practice When there's only three cases That seems to me To be pushing the envelope A little bit  Was in the Howard case There's nothing in the record About the practice In the Hammond's case And as far as we can tell There was some sort Of written tenure Made in the Hammond's case So we can't say anything So If you look at the record Before us It seems that Your Suggestion there was a practice Is kind of hard To take Under the record before But that is That is the practice That was the Well it doesn't matter If I do say it or not Recognizing the court's Issues with that That is what the party's Practice was at the time Well but as you said There are very few cases So we don't really know And of course Your Honor This comes back To the question About Requests to admit Because requests to admit Were submitted Requests to admit Were never addressed By Guadalupe Where does it say that In the contract addendum That only if Guadalupe Asks us to do this Will we do it And I apologize Justice Patinsky I'm not trying to be Confusing about that I mean I bring up the requests To admit to address The party's practice In this particular case Practice is not in our record We have the contract That's what we have Agreed We're in the contract Does it say Guadalupe Oh Guadalupe You have to do something About this The only Only because that was The practice of the party Your Honor Practice is not in the record Can we just stop Talking about practice If it's not a practice Do you lose No Your Honor Because as we've discussed With the court already And I realize That Justice Hyman Disagrees with this I'm not saying I'm trying to see How far I can go Understood Absolutely The fundamental problem Still remains About standing In this declaratory Judgment action Ms. Crawford Has the ability To bring these arguments In the underlying Personal injury case Which it's important To point out   In the circuit court Of Cook County It's been stayed Pending the resolution Of this case To the extent Because Ms. Crawford Has the ability To bring these Arguments She voluntarily Dismissed Belhaven She refiled her action Against Belhaven Within the one year And then the case Was stayed Because this declaratory Judgment action Was pending That is an important point Because again Ms. Crawford Does not have standing To come forward In this case In this declaratory Judgment action And ask this court For the relief She seeks She can seek This relief Why Because she's not She's an indirect Beneficiary Of this contract She is not She is not a direct Beneficiary Who has standing To bring this case Your intended Beneficiary Is a term Is a proper term And intended Beneficiaries Do have certain rights And as an intended Beneficiary That's the basis That she's bringing This action Under the March 29th Agreement And forgive me Your honor I mean to say She's an incidental Beneficiary You're saying She's an incidental That's correct I apologize So incidental Is different than intended That's correct Okay Um If we don't accept it As an incident What's the difference Between incidental and intended An intended is An individual Who is intended To directly benefit From the performance Of the agreement Right An incidental Is one who has no rights Cannot sue To enforce them Under the contract And why Why would they be incidental Because the contract There's the As the court knows The strong presumption Is that The intended Beneficiaries Under a contract Are the parties Who are Actual parties To that contract They directly benefit From that contract That presumption That strong presumption Can be overcome But it has to be An implication As strong To be Practically An express Declaration The question Then becomes Did Belhaven And Guadalupe Intend To confer A direct benefit On Ms. Crawford The answer to that Is no Belhaven And Guadalupe They did not Intend to confer A direct benefit On Ms. Crawford Might she benefit From that contract Yes she might In the personal Injury case In which she would Have the ability To seek redress From Belhaven Under that contract But not In a Not in a Declaratory Judgment action That she is bringing As an Intended She claims to Well As purportedly As an intended Beneficiary In fact Ms. Crawford Has never She has a judgment She has a judgment And her declaratory Judgment action Seeks to enforce That judgment Against Belhaven I don't see anything Improper in that Tell me She seeks Excuse me your honor I don't mean to Interrupt the court She seeks a finding     To recovery Directly from Belhaven Under this contract This contract Would require Guadalupe And Ms. Crawford To seek redress From Belhaven Under this contract Guadalupe Guadalupe Would be entitled To indemnification Under this contract From Belhaven So in order For Ms. Crawford To be entitled To indemnification Or to Recover her judgment From Belhaven She has to seek Those funds Through the contract As opposed to Again an impersonal Injury action Where it's a direct Action Against Belhaven She has the ability To seek those funds She My point was She already Has a judgment She has a She has a She has a She has a A default judgment And Her contention Is Belhaven Should have paid That judgment And when it didn't Her claim For Declaratory judgment Ripened Into An action Which she is pursuing Under the contract She's saying That Because of the agreement Between Guadalupe And Belhaven She should be Entitled To a declaration That Belhaven Is responsible To pay Guadalupe's Judgment As opposed to A claim As I was Trying to say In the Trial court Where she could say You Belhaven Are responsible Pursuant to the Purchase and sale Agreements That she is A direct Party In that case Against Belhaven As opposed to In the Declaratory judgment Where she's not She's a third Party beneficiary And she's an Incidental beneficiary To a contract That existed Before she even Brought her claim. I see that my time Is well up. I am happy to Address further Issues from the Court. If there are no Further questions We ask that the Court affirm The judgment Of the circuit Court. Thank you. I would just Like to address A couple Different points. The first In regards To the Intended Versus Incidental Third party Beneficiary Status. I think it's Important for the Court to Consider what Was included Within this Purchase of Liabilities. One example For instance was Account receivables Whether they be From Medicare or Other companies. Those entities That were Those Account receivables From the Belhaven Nursing Home Presumably Were able To collect Directly from Belhaven With the LLC And not Have to Go through The conduit Of Guadalupe Economic Services Corporation In order to Be paid. When you're An intended Third party Beneficiary The law States that You're able To essentially Skip the Other entity That is part Of that Contract. That's the Whole purpose Of it Isn't it? Exactly. I mean Otherwise We wouldn't Have intended Beneficiaries Because they Usually are Named Maybe a class Or something. Correct. In other words That is why Darlene Crawford Had standing To file a Declaratory Judgment Action That she Pursued against Belhaven Realty LLC In this Particular case. If there are Any other Questions I'm happy To answer Them If you   A little More To Our Oral Argument This case Will be Taken under Advisement.  Going to Adjourn for A second And change Panels. And then We'll Be back For the Next case.